**Wilbert B. HARRIS, Appellant,**

v.

**POSTMASTER GENERAL OF THE UNITED STATES POSTAL SERVICE, Appellee.**

**No. 01–5124.**

United States Court of Appeals, District of Columbia Circuit.

April 30, 2002.

Before SENTELLE, RANDOLPH, and GARLAND, Circuit Judges.

*JUDGMENT*

PER CURIAM.

Harris, a Postal Service employee, appeals from a judgment of dismissal entered by the District Court based on his failure to exhaust his administrative remedy and improper attempt to split his "mixed case." We consider the appeal on the record and briefs of the parties and determine that the issues presented occasion no need for an opinion. *See* Fed. R.App. P. 36; D.C.Cir. Rule 36(b). It is

ORDERED, ADJUDGED, and DECREED that the judgment of dismissal entered by the District Court is hereby affirmed. "An aggrieved person may initially file a mixed case complaint with an agency . . . or an appeal on the same matter with the [Merit Systems Protection Board] . . ., but not both." 29 C.F.R. § 1614.302(b). Although Appellant raised only a discrimination claim before the Postal Service EEO, that claim stemmed from his improper termination—an action

that could be appealed to the Merit Systems Protection Board (MSPB). Therefore, it must be considered a mixed case complaint. *See* 29 C.F.R. § 1614.302(a)(1). Appellant was required to have both his discrimination claim and his improper termination claim decided in the forum he initially elected—the MSPB. By failing to raise his discrimination claim before the MSPB, Appellant failed to exhaust his administrative remedies and cannot now seek review of that claim before the courts.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of this mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.